**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ESTEFAN ENTERPRISES, INC.,**

       **Plaintiff,**

-vs-                                                                                           Case No.  6:06-cv-742-Orl-31KRS

**COCO BONGO GRILL AND BAR, INC.,**

       **Defendant.**

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO COMPEL (Doc. No. 26)**
>
> **FILED:**       November 6, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff Estefan Enterprises, Inc. (EEI) seeks an order compelling Defendant Coco Bongo Grill and Bar, Inc. (Coco Bongo) to provide answers to EEI's first set of interrogatories and to produce documents responsive to its first request for production.

Pursuant to the Amended Case Management and Scheduling Order, Coco Bongo was required to file a response to this motion within eleven days after it was served, plus three days for mailing time.  Doc. No. 22 at 5 n.1.  Coco Bongo has not filed a response to the motion as of the writing of this order, and the time for doing so has passed.  Therefore, I treat the motion as unopposed.

Accordingly, it is **ORDERED** that, on or before December 8, 2006, Coco Bongo shall provide answers to EEI's first set of interrogatories[1], and produce documents responsive to EEI's first request for production of documents.  All objections, other then privilege and protection, are waived for failure to assert them timely.  To the extent that Coco Bongo claims that privileges or protections apply to any of the information or documents sought, Coco Bongo must assert those objections to each item of information or document, or portion thereof, withheld from production in a privilege log served on or before December 8, 2006.

The privilege logs produced by Coco Bongo, if any privileges or protections are asserted, must identify each document or item of information withheld pursuant to a claim of privilege or protection by date, author, recipients (including recipients of copies), specific privilege or protection claimed and must describe the subject matter of each document or item of information withheld in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection.  Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20, 1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)).

---

[1] On November 15, 2006, Coco Bongo filed a notice of serving answers to interrogatories, which notice was stricken because it was filed in violation of the local rules of the Court. It does not appear that these answers were served by discovery due date.

The privilege log must be adequate on its face to establish *prima facie* support for the claimed privilege or protection.

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties